IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BERNARD E. SMITH,

        Petitioner,

v.                                   Civil Action No. 1:07CV109
                                     (JUDGE KEELEY)

WARDEN JOE DRIVER,

        Respondent.

## REPORT AND RECOMMENDATION THAT
## PETITION UNDER 28 U.S.C § 2241 BE DENIED

### I. INTRODUCTION

On August 14, 2007, the *pro se* petitioner, Bernard E. Smith, an inmate at USP Hazelton, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking an evidentiary hearing or immediate release.[1] By Order dated August 15, 2007, petitioner's application to proceed *in forma pauperis* was granted.[2] Determining that summary dismissal was not warranted, an Order to Show Cause was issued against the respondent on September 13, 2007.[3] Respondent filed a Response to Order to Show Cause on October 10, 2007.[4] On November 16, 2007, petitioner filed a Reply.[5]

On March 25, 2008, petitioner filed a Motion for Presence and Deliverance to USDC.[6]

---

[1] Docket No. 1

[2] Docket No. 6

[3] Docket No. 7

[4] Docket No. 8

[5] Docket No. 9

[6] Docket No. 11

## II. FACTS

In 1978, petitioner was in the custody of the State of Kentucky serving terms of imprisonment imposed by the state. (Doc. 8-2, p. 2). Kentucky authorities permitted federal authorities to present petitioner for federal sentencing on January 24, 1978. (Id.)

Petitioner was sentenced in the United States District Court for the Eastern District of Kentucky on January 24, 1978. (Doc. 8-3). Petitioner's original sentence included three consecutive terms of imprisonment–a 25 year term for Armed Bank Robbery in violation of Title 18 U.S.C. § 2113 (a) & (d); a 5 year term for Transporting a Stolen Motor Vehicle in Interstate Commerce in violation of Title 18 U.S.C. § 2312; and a 5 year term for Using and Carrying a Firearm during the Commission of a Felony in violation of Title 18 U.S.C. § 924(c). (Id.). After sentencing, petitioner was immediately returned to Kentucky authorities (Doc.8-2, p. 2).

By Amended Judgment dated April 25, 1978, petitioner's five year term of imprisonment for Using and Carrying a Firearm during the Commission of a Felony was vacated. (Doc. 8-4).

On December 29, 1980, Kentucky authorities paroled petitioner and released him to federal authorities. (Doc. 8-2, p. 2). Petitioner began serving his federal sentence on this date. (Id.).

On June 9, 1981, petitioner escaped from the Christian County Jail, Hopkinsville, Kentucky, while on a federal writ in a civil case. (Id.). Petitioner was arrested by Tennessee authorities on June 10, 1981, and charged with Armed Robbery. (Id.). Petitioner was sentenced to 35-years imprisonment on August 20, 1981, and committed to the Brushy Mountain State Penitentiary on September 21, 1981. (Id.).

Tennessee authorities loaned petitioner to federal authorities on October 20, 1981, so that

petitioner could be sentenced by the United States District Court for the Western District of Kentucky. (Doc. 8-5). Petitioner was sentenced to ten years imprisonment for Escaping from Federal Custody in violation of Title 18 U.S.C. §751(a) and Transporting a Stolen Motor Vehicle in Interstate Commerce in violation of Title 18 U.S.C. § 2312. (Id.). The Judgment and Commitment Order specifically designated that this sentence was to be served consecutively to any other sentence. (Id.). Petitioner was immediately returned to Tennessee authorities to serve out the remainder of his state sentence. (Doc. 8-2, Pp. 2-3).

Tennessee paroled petitioner to a federal detainer on September 12, 1989. (Doc. 8-2, p. 3). Having primary custody over petitioner again, the Bureau of Prisons calculated that prisoner's original sentence resumed on September 12, 1989. (Id.). The Bureau of Prisons also aggregated petitioner's ten year federal sentence imposed in October 1981, resulting in a projected release date of November 30, 2015. (Id.).

### III. ISSUES PRESENTED

**A.  The Petition**

The petitioner alleges that the Bureau of Prisons unlawfully tolled his federal sentence by permitting Tennessee authorities to incarcerate petitioner on an intervening state sentence after petitioner "allegedly" escaped from federal custody. Therefore, petitioner believes that the Bureau of Prisons relinquished custody of him for his underlying federal sentence.

The petitioner further seeks federal sentencing credit for time spent in state custody beginning June 10, 1981 and ending September 11, 1989 because petitioner believes he served this additional federal sentence for "alleged" escape as a "federal inmate" in state custody.

**B.  Response to Order to Show Cause**

3

The respondent argues that petitioner's sentence was properly calculated because:

(1) petitioner's federal sentence became inoperative when he escaped from federal custody;

(2) an escape tolls the running of a sentence;

(3) an inmate is not entitled to federal sentencing credit for time spent serving an intervening state sentence;

(4) a state does not relinquish custody when producing a state prisoner under a writ of habeas corpus *ad prosequendum*.

**C.   Petitioner's Reply**

Petitioner maintains that he has served all of his federal sentences because:

(1) his sentences cannot be tolled, modified, or superseded in any way according to the Amended Judgment entered April 25, 1978 in criminal action number 77-48, in the United States District Court for the Eastern District of Kentucky, which states:

> Nothing herein contained shall in any way affect the judgment, date of the commencement of the service of the sentence [ ] or the fact that the said sentence shall be served consecutive to one another or consecutive to any other state or federal sentence which the defendant may be required to serve prior to service of the sentences imposed herein on January 24, 1978;

(2) the United States re-established primary jurisdiction by imposing a ten year sentence for escaping, thereby negating Tennessee's primary jurisdiction;

(3) the Bureau of Prisons chose to relinquish custody by allowing Tennessee to proceed with a criminal sentence;

(4) the Bureau of Prisons does not have the authority to correct their "failures to

maintain a chain of custody."

## IV. ANALYSIS

The now repealed Title 18, United States Code, Section 3568 and present Title 18, United States Code, Section 3585(a) share the same underlying principle that a federal sentence commences when the Attorney General obtains physical custody of the defendant for service of his federal sentence.[7] See Pinuad v. James, 851 F.2d 27 (2d Cir. 1988); See also Thomas v.

---

[7] 18 U.S.C. § 3568 was in effect both times petitioner was sentenced, and therefore applies to all offenses committed prior to November 1, 1987 when it was repealed. Drew S. Days, III, former Solicitor General of the United States explained the evolution of § 3568 and § 3585 as follows:

> "To avoid the disparity between those sentenced under a mandatory minimum and those who were not, and also between those granted bail and those who were not, Congress amended the statute in 1960 to grant credit for pre-sentence confinement. Codified at 18 U.S.C. 3568, the provision required that 'the Attorney General shall give any [person convicted] credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a mini- mum mandatory sentence.' Pub. L. No. 86-691, 1 (a), 74 Stat. 738,738 (1960). This provision was amended in 1966 to expand the credit provisions, removing the requirement that credit only be granted in cases of mandatory mini- mums, increasing the offenses which could be counted for credit, and removing any mention of bail. It required that the 'Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.' Pub. L. No. 89-465, 4, 80 Stat. 214, 217 (1966) (codified at 18 U.S.C. 3658 (1982)). In the Sentencing Reform Act of 1984, Congress rewrote section 3568 and recodified it as section 3585 (b). See Pub. L. No. 98-473, 98 Stat. 1998, 2001 (1984). 'Congress entirely rewrote 3568 when it changed it to its present form in 3585(b). It rearranged its clauses, rephrased its central idea in the passive voice, and more than doubled its length.' United States v. Wilson, 112 S. Ct. 1351, 1355 (1992). 'Congress altered 3568 in at least three ways when it enacted 3585(b). First, Congress replaced the term `custody' with the term `official detention.' Second, Congress made clear that a defendant could not receive a double credit for his detention time. Third, Congress enlarged the class of defendants eligible to receive credit.' Id. at 1355-56."

Brief for Janet Reno, Attorney General of the United States, at 4a, Reno v. Koray, 515 U.S. 50 (1995) (No. 94-790), available at http://www.usdoj.gov/osg/briefs/1994/w94790w.txt

Whalen, 962 F.2d 358 (4th Cir. 1992). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Under the repealed provisions of Title 18, United States Code, Section 4082,[8] the Federal Bureau of Prisons has the authority to designate the place of a prisoner's imprisonment.[9] Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Federal Bureau of Prisons designates a state facility as the place for service of a federal sentence. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990)(a federal sentence may commence on a defendant who is already in state custody only when the Federal Bureau of Prisons or Attorney General agree to designate a state facility for service of the federal sentence.) Here, petitioner's Kentucky sentence was completed on December 29, 1980 when state authorities paroled petitioner and released him to federal authorities. (Doc. 8-2, p. 2). Accordingly, petitioner began serving his federal sentence this date because petitioner's Amended Judgment and Commitment Order stated that petitioner's federal sentence was consecutive to any other sentences (Doc. 8-4) and it was this date that federal authorities obtained complete custody of petitioner. (Doc. 8-2, p. 2).

An escape from prison, however, can severely affect the length of a federal sentence. Generally, an escape tolls the running of a sentence, Hartwell v. Jackson, 403 F.Supp. 1229,

---

[8] 18 U.S.C. § 4082 underwent a major revision in 1987; because petitioner's offense occurred before 1987, the now repealed sections apply.

[9] 18 U.S.C. § 4082 (repealed sections before 1987 amendments) was in many ways a predecessor to present 18 U.S.C. § 3621. The pertinent difference at hand is that the Attorney General's authority to designate a state facility for service of a federal sentence was delegated to the Federal Bureau of Prisons under 18 U.S.C. § 4082, while 18 U.S.C. § 3621 explicitly vests this designation authority in the Bureau of Prisons.

1230 (D.C. 1975), aff'd mem., 546 F.2d 1042 (D.C.Cir. 1976), and "the time elapsing between escape and retaking [by federal authorities] will not be taken into account or allowed as a part of the term." Anderson v. Corrall, 263 U.S. 193, 196 (1923). Therefore, when petitioner escaped from federal officials on June 9, 1981, (Doc. 8-2, p. 2) his federal sentence was tolled because he was not in federal custody. Tennessee then obtained primary custody over petitioner because Tennessee officials arrested petitioner on June 10, 1981. (Id.) With primary custody over petitioner, Tennessee, in its sovereign authority, had the right to prosecute and incarcerate petitioner for state crimes committed while on escape from a federal sentence.

Although petitioner may believe that he was serving a state and federal sentence as a "federal inmate" under the custody of Tennessee, this Court finds otherwise. See United States v. Luck, 664 F.2d 311, 312 (D.C. Cir. 1981)(holding that an appellant was not entitled to credit towards his federal sentence for time spent serving an intervening state sentence imposed while on escape from his federal sentence). Petitioner did not begin serving the remainder of his federal sentence until September 12, 1989 because all of petitioner's federal sentences were to be served consecutively to any other sentence (Doc. 8-4) (Doc. 8-2, p.3), and it was not until September 12, 1989 that Tennessee relinquished it's primary jurisdiction over petitioner by releasing him to the custody of federal authorities. (Doc. 8-2, Pp. 2-3).

Furthermore, petitioner's suggestion that the Bureau of Prisons relinquished custody of him in 1981 when federal authorities returned him to state authorities following his federal sentencing hearing is clearly without merit. The mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the

7

prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 12 (4th Cir. 1998); See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)(a prisoner is not even in custody for the purposes of sentencing credit when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. Accordingly, petitioner's Motion for Presence and Deliverance to USDC (Doc. 11) is **DENIED** as moot.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Filing in the United States District Court.

DATED: July 17, 2008

                                          /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE